IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Vernon, | ) Civil Action No.: 0:11-2096-MGL |
|           Plaintiff, | ) |
| v. | ) **O R D E R** |
| Carolyn W. Colvin, | ) |
| Commissioner of Social Security, | ) |
|           Defendant. | ) |

This matter is before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). Plaintiff seeks an award of $4,972.50 in attorney's fees representing 11.5 hours of attorney's time compensated at $180.00 per hour and 32.25 hours of Paralegal time compensated at 90.00 per hour. (ECF No. 49-1 at 11). Defendant the Commissioner of Social Security ("Commissioner") filed a response, objecting to the award of attorney's fees arguing that the Commissioner's position was substantially justified. (ECF. No. 50). Plaintiff filed a reply to the Commissioner's response.[1] (ECF No. 51). For the reasons set forth below, the Court finds that the Commissioner's position was not substantially justified and awards Plaintiff attorney's fees.

Under the provisions of the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2010). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658

---

[1] Plaintiff requested an additional EAJA award of $315.00 for an additional 1.5 hours of paralegal time and 1 hour of attorney time that Plaintiff asserts were necessary to prepare a reply brief.

(4th Cir.1991).  "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir.1992).  Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (internal quotations omitted).

The underlying matter initially came before the Court on an appeal of the decision of the Commissioner who had determined the Plaintiff was no longer disabled.  The Magistrate Judge, to whom this matter had been referred for pre-trial handing and a Report and Recommendation, recommended that this matter be remanded to the Commissioner for consideration of new and material evidence that had been submitted to the Appeals Council by Plaintiff's treating psychiatrist Dr. Dana Wiley ("Dr. Wiley").  Dr. Wiley opined that Plaintiff continued to have mood swings, tearfulness, anxiety, irritability, and depression, which "would significantly impair her ability to work in any capacity due to her poor concentration and mood swings which would significantly decrease her ability to interact appropriately with supervisors, co-workers, or customers." (Tr. 578).  In addition, Dr. Wiley indicated that Plaintiff's psychiatric symptoms would be exacerbated by normal work stressors and that "[g]iven the severity and chronic nature of her symptoms, even when compliant with recommended psychiatric treatment, Plaintiff's overall prognosis would be considered poor." *Id.*

The Magistrate Judge averred that the new evidence raised a question as to whether or not the Administrative Law Judge's ("ALJ")'s decision finding that Plaintiff was no longer disabled was supported by substantial evidence.  The Magistrate Judge noted that in a prior determination dated September 15, 2004, Plaintiff received benefits based on a finding that Plaintiff's depression met Listing 12.05.  (ECF No. 42 at 14).  The

2

Magistrate Judge further noted that at the April 16, 2010 hearing Plaintiff was self-represented and that the ALJ did not have the benefit of an opinion form a treating physician regarding Plaintiff's mental impairments.  *Id.*  The Magistrate Judge surmised that Dr. Wiley's opinion contained limitations that, if accepted, could render Plaintiff eligible for continued disability benefits.  *Id.*  Thus, the Magistrate Judge recommended that this matter be remanded under sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings.[2]  *See Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011) (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Counsel, the court could not determine whether substantial evidence supported the ALJ's denial of benefits). The Commissioner did not object to the Magistrate Judge's recommendation that this matter be remanded (ECF No. 44). On November 7, 2012, this Court adopted the Magistrate Judge's Report and Recommendation.

Thereafter, on February 5, 2013, Plaintiff filed a motion seeking attorney's fees under the EAJA.  The Commissioner opposes Plaintiff's motion arguing *inter alia* that her position was substantially justified because she "reasonably took the position that the new evidence, did not undermine the weight of the record evidence that was dated during the relevant time period –including Dr. Wiley's treatment notes showing improvement." (ECF No. 50 at 8).  The Commissioner suggests that her position was substantially justified in law and in fact as a reasonable person could find her position correct. Considering the totality of the circumstance, the Court disagrees.

---

[2] A party, like Plaintiff, who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes.  *See Shalala v. Schaefer*, 509 U.S. 292, 300–302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

3

At the outset, the Court reiterates the Magistrate' Judge's notation that the ALJ did not have an opinion from a treating source concerning Plaintiff's mental impairments to consider when it made its decision.  However, the Appeals Council did have such an opinion which potentially conflicts with the evidence relied upon by the ALJ.  As such, the Appeals Council was presented with evidence had not been considered and weighed by the ALJ.  Under *Meyer* a case must be remanded where there are unweighed record facts which might change the outcome of the case.  Accordingly after review of the record, this Court cannot find that the Commissioner's position was substantially justified and finds no reason that an award of attorney's fees would be unjust.  Plaintiff's motion for attorney's fees is granted.

The Commissioner has not challenged Plaintiff's asserted hours or rate of compensation.  After consideration of the memoranda and affidavits submitted, the Court finds the total fee request, hours expended and hourly rate to be reasonable and authorized *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002).  Therefore, the Court grants Plaintiff an attorney's fee award of $5,287.50. representing Plaintiff's initial fee request of $4,972.50 plus Plaintiff's additional attorney's fee request of $315.00 for preparation of a reply.  The Court directs that the Commissioner make the check payable to Plaintiff and to deliver the check to the office of Plaintiff's counsel.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
February 3, 2014

4